Turley, J.
delivered the opinion of the court.
It appears in this case, that B. S. Tappan & Co. sued out of the circuit court of Williamson, a writ of summons against one Searcy D. Sharp, returnable to the November term, 1839, which was executed ; that James Brown also sued out of the same court, a writ of summons against the same man, returnable to the same term, which was returned, non est inventus. At the November term, Brown procured an order of court for the issuance of a writ of judicial attachment against Sharp, which was levied upon a tract of land belonging to him. At the March term, 1840, of said court, both Tappan & Co. and Brown obtained judgments against Sharp. Upon the judgment of Tappan & Co. a. writ of fieri facias was is *174 sued: upon that of Brown a writ of venditioni exponas : the tract of land was sold, and Tappan & Co. claim a pro rata distribution of the fund produced by the sale. This is resisted by Brown, and the question is whether the service of the'judicial attachment upon the land, created a lien thereon by which Brown acquires the right to have the fund accruing therefrom, appropriated, in the first instance, to the satisfaction of his debt. That it did, is certain. If we had, ás individuals, any doubts on this subject, which we have hot, it has been too well adjudicated to be now unsettled. The argument of the counsel for the plaintiff in error is ingenious, but cannot prevail against the eases in 3d Murphey, 63, 67: 3d & 4th Deveraux & Battle, 388: 7th Peters, 464: Cook, 254. Let the judgment of the circuit court be affirmed.